IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSEE LEE KEEL, III | | CIVIL ACTION |
| v. | | |
| A.D.A. JESSICA CHUNG, et al. | | NO. 16-4013 |

FILED
JAN 26 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

PRATTER, J.  JANUARY 26, 2017

Plaintiff Jesse Lee Keel, III, who is proceeding *in forma pauperis* in this civil action, has submitted several documents to this Court. Although unclear, it appears that Mr. Keel seeks reconsideration of the Court's order docketed on December 27, 2016 (ECF No. 11), which closed this case, and that he intends some of the documents he filed to constitute an amended complaint. For the following reasons, the Court will grant Mr. Keel's request for reconsideration for purposes of considering his filing, which the Court will construe as an amended complaint. However, the Court will dismiss the amended complaint for failure to state a claim.

### I. FACTS AND PROCEDURAL HISTORY

Mr. Keel filed this case against several defendants, including an Assistant District Attorney who successfully prosecuted him for criminal violations in state court. He appears to be raising a host of claims pursuant to 42 U.S.C. § 1983. In an order dated October 11, 2016 (ECF No. 6), the Court granted Mr. Keel leave to proceed *in forma pauperis* and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The order explained that the Court was unsure of the factual basis for Mr. Keel's claims, in part because he "relie[d] heavily on exhibits that [did] not clearly relate to the facts alleged in the complaint." (Oct. 11, 2016 Order at 3.) The order also explained that Mr. Keel could not

challenge his prosecution or convictions in a civil rights action, that prosecutors have immunity from liability based on their prosecution of a criminal case, and that court-appointed counsel are not state actors for purposes of § 1983. The Court gave Mr. Keel thirty days to file an amended complaint and explained that any amended complaint must "clearly describe how each named defendant was responsible for violating [Mr. Keel's] rights" and must not "rely on exhibits or other filings in this matter to articulate the factual basis for Mr. Keel's claims." (*Id.* at 4.)

In an October 26, 2016 order (ECF No. 8), the Court informed Mr. Keel that any papers he sought to file on the public docket would have to be in the form of a motion, petition, or legal brief, as opposed to a letter. Mr. Keel subsequently filed numerous exhibits. In an order docketed December 27, 2016 (ECF No. 11), the Court closed this case due to Mr. Keel's failure to file an amended complaint. The Court explained that, having reviewed the documents that Mr. Keel sent to the Court—including a copy of his social security card, a copy of his driver's license, copies of his bank account statements, his correspondence with several administrative agencies, and a copy of the docket for his criminal proceeding—none of those items responded to the Court's October 11, 2016 order giving him leave to file an amended complaint.

Mr. Keel returned with a filing in which he asks the Court to reopen his case, apparently so that the Court can charge the defendants with federal crimes. (*See* ECF No. 12.) The filing also includes a document titled "Amended Complaint," in which Mr. Keel appears to be claiming that his girlfriend, with the assistance of A.D.A. Chung, had him falsely prosecuted so she could steal his social security benefits while he was incarcerated. Mr. Keel attached to his filing copies of his social security card, his birth certificate, a medical device ID, and letters concerning a grievance about his medical care. The public dockets for the criminal cases Mr. Keel references in his filing reflect that he pled guilty to certain criminal violations, and that those convictions

have not been invalidated. *See Commonwealth v. Keel*, Docket Nos. CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (Phila. Ct. of Common Pleas).

Mr. Keel also filed a host of papers on which he wrote "as my complaint." (ECF No. 13.) The filing includes documents related to Mr. Keel's incarceration, documents related to Mr. Keel's medical issues, and documents related to his criminal prosecution, including the docket for his criminal case. The filing also includes a letter that Mr. Keel appears to have sent to the state court, in which he alleges that he has been falsely prosecuted and that his girlfriend set him up to rob him of government benefits.

The Court will construe Mr. Keel's filings as a motion for reconsideration of the Court's order closing this case, and an amended complaint. The Court will grant the motion for reconsideration to consider Mr. Keel's filings, and dismiss the amended complaint for the reasons discussed below.

## II. STANDARD OF REVIEW

As Mr. Keel is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss his amended complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the amended complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider exhibits attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mr. Keel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Here, it is apparent that the vast majority of Mr. Keel's claims are premised on an allegedly wrongful criminal prosecution that led to his conviction. However, the dockets for his criminal cases reflect that his convictions have not been overturned or otherwise invalidated. Accordingly, any claims challenging those convictions and Mr. Keel's related imprisonment are not cognizable at this time.

To the extent Mr. Keel is raising claims that are not barred by the principle announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), the facts underlying those claims are unclear. Having reviewed the documents in this case, the Court cannot discern a clear basis for a plausible claim against any of the defendants within the Court's jurisdiction. Furthermore, this Court lacks the authority to direct a criminal prosecution, to the extent Mr. Keel is asking for one. *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond all reasonable doubt that the prosecution of violations of federal criminal law in federal court is a function of the federal

government, not private parties, and federal courts lack the power to direct the filing of criminal charges[.]" (citations, quotations, and alteration omitted)), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Mr. Keel was given instructions that he may not rely on letters and exhibits to state his claims, but he has continued to file documents and exhibits rather than filing an amended pleading that clearly sets forth his factual allegations against each defendant. Furthermore, despite having reviewed the numerous documents that Mr. Keel has filed, the Court cannot discern a plausible basis for a cognizable claim against the defendants within the Court's jurisdiction. Accordingly, the Court concludes that further efforts at amendment would be futile.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mr. Keel's motion for reconsideration for the purpose of considering his amended complaint, and dismiss the amended complaint for failure to state a claim. Mr. Keel will not be given leave to amend because amendment would be futile. However, any claims that the Court dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), are dismissed without prejudice to Mr. Keel reasserting those claims in the event his convictions are reversed or otherwise invalidated. An appropriate order follows, which shall be docketed separately.